IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-00767-CMA-KLM

ELIEZER ALDARONDO, an individual residing in Puerto Rico,

Plaintiff,

v.

RCR VAIL, LLC, a Colorado Limited Liability Company,

Defendant.

---

### [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIALITY

---

This matter comes before the Court on the parties' Stipulated Motion for Protective Order Concerning Confidentiality. Having reviewed the matter, and good cause being shown, for the purpose of facilitating the exchange of information among the parties to this litigation, and avoiding injury to any party through the disclosure of such party's confidential information concerning itself and its customers, vendors, or competitors, the Court ORDERS as follows:

1. This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords extends only to information or items that are entitled under the applicable legal principles to treatment as "CONFIDENTIAL" and are identified as such by a party to this litigation.

2. The protections conferred by this Protective Order cover all material designated as "CONFIDENTIAL" as well as any information copied or extracted therefrom, all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in Court or in other settings that might reveal material designated as "CONFIDENTIAL" pursuant to this Protective Order.

3. The confidentiality obligations imposed by this Order shall remain in effect, even after the termination of this litigation, until a Court Order otherwise directs or the parties to this litigation otherwise agree in writing.

4. Each party may designate information or items for protection under this Order, as such information or items are produced, by marking each page as "CONFIDENTIAL" on all

pages that contain confidential material. Parties must take care to limit such designation to specific material that is entitled under applicable legal principles to be treated as confidential.

5. Documents, testimony, evidence, and other matters shall not be deemed "CONFIDENTIAL" if the substance of the documents, testimony, evidence, or material:
    a. does not constitute a trade secret or other confidential research, development, or commercial information, as defined by Fed. R. Civ. P. 26(c)(1)(G);
    b. is, at the time of disclosure by the designating party, already in the possession of the receiving party and was not acquired from the designating party; or
    c. has been made available to the receiving party, other than through the discovery process, by a third party who obtained the same by legal means without any obligation of confidence to the designating party.

6. For testimony given in deposition or pretrial or trial proceedings, the party seeking a confidential designation shall identify on the record before the close of the deposition, hearing, or other proceeding, all protected testimony that should be considered "CONFIDENTIAL."

7. For information produced in some form other than documentary, and for any other tangible items, the party seeking a confidential designation shall mark prominently the exterior of the container or containers in which the information or item is stored as "CONFIDENTIAL."

8. A party may object to the other party's designation of material as "CONFIDENTIAL" by giving written notice to the party designating the information as "CONFIDENTIAL." The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within twenty (20) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" to file an appropriate and timely motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within twenty (20) business days of the date of the objection. If such a motion is timely filed, the disputed information shall be treated as if it has been appropriately designated "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its "CONFIDENTIAL" designation under this Protective Order and shall not thereafter be treated as "CONFIDENTIAL" in accordance with this Protective Order. In connection with a motion filed under this provision, the designating party shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL."

882333-2

9. Except as expressly allowed herein, information marked "CONFIDENTIAL" shall be disclosed only to: (a) the parties of record in this or any consolidated action, including owners, principals, officers, directors, employees, and family members to the extent reasonably necessary for the prosecution or defense of this litigation, and subject to the further limitations of this Paragraph; (b) the outside counsel of record in this or any consolidated action for the parties and their associated attorneys, interpreters, paralegal, clerical, and secretarial employees engaged in the conduct of this action; (c) any person retained to assist outside counsel of record in the preparation or trial of this action (including consultants and/or experts and their immediate assistants engaged in the conduct of this action), provided such person has signed an undertaking in the form annexed hereto as Exhibit A; (d) the Court and Court personnel, including stenographic reporters, and the jury hearing this case; and (e) any deponent or witness, including a potential witness, subject that to the condition that before seeing such information, the deponent or witness, or potential witness, signs an undertaking in the form annexed hereto as Exhibit A. Further, any disclosure to a potential witness shall be made in good faith and for the sole purpose of evaluating or preparing the potential witness to be an actual witness.

10. If a party's counsel desires to disclose specific information designated "CONFIDENTIAL" to a person not authorized to receive such information as allowed by this Order, that party may request in writing that the party that designated the information as "CONFIDENTIAL" authorize in writing the disclosure of the information to such other person, provided such person signs an undertaking in the form annexed hereto as Exhibit A. If such authorization is given in writing, no formal amendment to this Order is necessary. If authorization is not given, the party seeking it may petition the Court for such authorization.

11. Disclosure of material designated as "CONFIDENTIAL" to any person described in Paragraph 9 of this Order shall be only for the purpose of litigating this proceeding or any consolidated action, and any appeal of this proceeding or any consolidated action, and for no other purpose whatsoever. Under no circumstances may a person receiving material designated as "CONFIDENTIAL" under the terms of this Protective Order use such material for any purpose other than litigating this proceeding or any consolidated action, without the prior written consent of the designating party.

12. a. Any party seeking to file with the clerk a document containing material designated as "CONFIDENTIAL" shall file a motion for leave to file such information under seal. The form and substance of the motion, verification and proposed order may take any form in accordance with D.C.COLO.LCivR 7.2C. If the Court grants the motion for sealing, the material designated as "CONFIDENTIAL" filed with the court pursuant to the previously referenced motion shall remain under seal.

882333-2

b. No party shall offer as evidence or use as a demonstrative exhibit any material designated as "CONFIDENTIAL" during a hearing or other proceeding in open court without having previously complied with provision (a) of this section with respect to the document.

c. As to testimony elicited or exhibits offered or used during the hearings and other proceedings or at the trial of this action that calls for the disclosure of material designated as "CONFIDENTIAL," the Court may order the courtroom and proceedings to be closed or order any other relief that is deemed appropriate. However, whenever counsel for any Party deems that any question or line of questioning or offer or use of any exhibit calls for the disclosure of material designated as "CONFIDENTIAL," counsel shall indicate on the record that the disclosure is confidential and should therefore be sealed. Based on filings of motions, exhibits, or other material, counsel shall endeavor to present advance notice to the court as far in advance of the hearing or trial as is practicable of areas of a proceeding that may call information designated "CONFIDENTIAL" into question so as to allow the court the opportunity to make rulings or orders in advance of the hearing so as to not inappropriately delay or interrupt the proceeding.

13. After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties, all parties, and any expert or consultant shall either return or destroy all information designated "CONFIDENTIAL" produced during this case, and all copies of such information, within thirty (30) days of a written request from the party that produced the "CONFIDENTIAL" information, unless the parties mutually agree to alternative arrangements. Any written request for return or destruction shall be given within thirty (30) days after the final disposition of this case. However, the foregoing obligations shall not extend to any material designated as "CONFIDENTIAL" embodied in materials protected by the attorney/client privilege or the work product doctrine. Such embodied material will retain its "CONFIDENTIAL" designation and treatment.

14. If timely corrected, an inadvertent failure to designate qualified material as "CONFIDENTIAL" shall not, standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, all parties must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

15. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the right of the parties or third parties to assert any applicable discovery or trial privilege.

Dated: September 7, 2010          By: _____
                                      HON. KRISTEN L. MIX

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-00767-CMA-KLM

ELIEZER ALDARONDO, an individual residing in Puerto Rico,

Plaintiff,

v.

RCR VAIL, LLC, a Colorado Limited Liability Company,

Defendant.

---

## NONDISCLOSURE AGREEMENT

---

I, _____, have read the Protective Order Concerning Confidentiality (the "Protective Order") attached to this Agreement. In consideration of being permitted to review information designated as "CONFIDENTIAL" as described in the Protective Order, I agree to comply with the terms set forth therein and I further agree that I shall be subject to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing the Protective Order.

DATED: _____, 2010.

_____

**EXHIBIT A TO PROTECTIVE ORDER CONCERNING CONFIDENTIALITY**